IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| NOREEN ELIZABETH MAXWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 18-2017-JWL |
| NANCY A. BERRYHILL, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**MEMORANDUM AND ORDER**

Plaintiff seeks review of a decision of the Acting Commissioner of Social Security (hereinafter Commissioner) denying Disability Insurance Benefits (DIB) pursuant to sections 216(i) and 223 of the Social Security Act, 42 U.S.C. §§ 416(i) and 423 (hereinafter the Act).  Finding error in the Administrative Law Judge's (ALJ) failure to consider the "other medical source" opinion of Plaintiff's physical therapist, the court ORDERS that the Commissioner's final decision shall be reversed and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent with this decision.

**I.     Background**

Plaintiff argues that the ALJ erred in applying Social Security Ruling (SSR) 12-2p and in weighing the medical opinions of her treating physicians, Dr. Dehning and Dr.

Radadiya. Accordingly, Plaintiff "respectfully requests the Court to exercise its discretion to enter an order for the immediate award of benefits." (Pl. Br. 16).

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005); see also, Bowling v. Shalala, 36 F.3d 431, 434 (5th Cir. 1994) (The court "may not reweigh the evidence in the record, nor try the issues de novo, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.") (quoting Harrell v. Bowen, 862 F.2d 471, 475 (5th Cir. 1988)). Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is

2

not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability. 20 C.F.R. § 404.1520; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Williams, 844 F.2d at 750-51. After evaluating step three, the Commissioner assesses claimant's RFC. 20 C.F.R. § 404.1520(e). This assessment is used at both step four and step five of the sequential evaluation process. Id.

The Commissioner next evaluates steps four and five of the sequential process-- determining at step four whether, considering the RFC assessed, claimant can perform her past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, claimant is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work. Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord,

3

Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC assessed. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

The court begins with consideration of the ALJ's evaluation of Dr. Radadiya's opinion. It finds no error in that evaluation, but because the court's consideration reveals error as a matter of law in the ALJ's failure to evaluate the physical therapist's opinions, remand is necessary for a proper evaluation. The court may not provide an advisory opinion regarding the remaining alleged errors, but on remand it will be necessary for the Commissioner to assess RFC once again, and at that point she will apply SSR 12-2p regarding the limitations resulting from Plaintiff's fibromyalgia, and will reevaluate the opinion evidence in light of her evaluation of the physical therapist's opinions.

## II.  Discussion

Plaintiff claims error because:

> the ALJ fails to articulate in any detail the rationale for rejecting Dr. Radadiya's medical opinions as to her lack of stamina on a sustained regular basis and the limitations of using her arms. Tr. 26. In particular, there is no substantial rationale advanced for rejecting the various specific limitations on Plaintiff's arm and hand activity. The physician indicated that he was relying in part on the testing which he requested from a physical therapist in assessing limitations. The ALJ's conclusion is indeed a curious rationale for rejecting the medical opinion when in other circumstances the agency looks to whether there are tests or other laboratory findings to support medical conclusions.

(Pl. Brief 13). The Commissioner argues, "The ALJ found that Dr. Radadiya declined to render an opinion about Plaintiff's functional limitations, and the record bears this out:

4

Dr. Radadiya declined to complete a Residual Functional Capacity Assessment stating instead that he does 'not do this evaluation.'" (Comm'r Br. 4) (quoting R. 868) (citations omitted).

The Commissioner's argument is correct that the ALJ discounted Dr. Radadiya's opinion because he stated he did not do RFC evaluations, and therefore provided no opinion regarding any of Plaintiff's functional limitations. (R. 27) ("Dr. Radadiya refused to completed [sic] the residual functional assessment … and there was no clear explanation regarding the claimant's inability to sustain work"). In so far as it goes, the ALJ's explanation is correct, is supported by the record evidence, and is a proper basis to discount Dr. Radadiya's opinion.

However, as quoted above Plaintiff also points out that Dr. Radadiya "indicated that he was relying in part on the testing which he requested from a physical therapist in assessing limitations." (Pl. Br. 13). As Plaintiff points out, on the RFC form Dr. Radadiya refused to complete, he also stated, "Pt. [(patient]) was evaluated by PT [(physical therapy)] & pl[ease] refer to that eval[uation]." (R. 868). At the bottom of the page, just above his signature, Dr. Radadiya stated "I am not going to repeat or conclude PT's findings here." Id. Dr. Radadiya's statement was sufficient to put the ALJ on notice that there was a physical therapist's evaluation, that Dr. Radadiya had reviewed that evaluation, and that although the physician did not complete RFC assessments, he considered the physical therapist's evaluation of limitations to be at least relevant in that regard. Dr. Radadiya's RFC statement was dated April 29, 2015. Id. The physical therapist's evaluation to which Dr. Radadiya was no doubt referring in his statement is a

5

"Physical Therapy Recertification Note" dated April 2, 2015 and appearing in the administrative record immediately before Dr. Radadiya's statement. (R. 863-67). Dr. Radadiya signed the physical therapy note on April 5, 2015[1] certifying that the PT services were necessary, and provided under his care, and that he had "no revisions to the plan of care." (R. 867). The PT note indicates Plaintiff's abilities for lifting, carrying, sitting, standing, bending, and reaching, and suggests that her abilities are "Not Adequate For [a] Job." (R. 866).

The Commissioner issued SSR 06-03p on August 9, 2006 "[t]o clarify how we consider opinions from sources who are not 'acceptable medical sources.'" 2006 WL 2329939, at *1. That ruling provides that the agency may use evidence from medical sources, including therapists, other than acceptable medical sources "to show the severity of the individual's impairment(s) and how it affects the individual's ability to function." Id. 2006 WL 2329939, at *2. The ruling recognizes that the agency must "consider all relevant evidence in the case record when we make a determination or decision about whether the individual is disabled." Id., at *4 (citing 20 C.F.R. § 404.1527(b)).

---

[1] Dr. Radadiya's signature is dated "4/5/17" (R. 867), but the court finds that is a transcription error. The "document date" was "04/02/2015," id., the exhibit (21F) appears in the record between office treatment records "dated 01/05/2015 to 03/31/2015," Ex. 20F (R. 857-58), and Dr. Radadiya's "Medical Source Statement - Physical, dated 4/29/2015," Ex. 22F (R. 868-69). See (R. Index3). Moreover, the ALJ hearing in this case was held on September 14, 2016, and Ex. 21F was among the evidence admitted into the record at the hearing. (R. 39). All of this suggests that Dr. Radadiya signed the note after the document date, before it was provided to the Social Security Administration, before he signed his RFC statement which indicated he had already considered the PT record, and before the exhibits were admitted into the record at the hearing--most likely on April 5, 2015.

6

In the decision at issue here, there is no mention of the physical therapist's notes in exhibit 21F. While it is true that the ALJ stated that he had considered the entire record in this case, and there is no requirement that an ALJ <u>discuss</u> all the "other" medical source opinions, Dr. Radadiya's statements regarding the PT notes produce an ambiguity in the ALJ's decision and beg the question why those notes do not require a finding of disability. In addition to discussing the evidence supporting his decision, an ALJ must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects. <u>Clifton v. Chater</u>, 79 F.3d 1007, 1009-1010 (10th Cir. 1996). Moreover, SSR 96-8p, includes specific narrative discussion requirements for an RFC assessment. West's Soc. Sec. Reporting Serv., Rulings 149 (Supp. 2018). That discussion must include an explanation how any ambiguities and material inconsistencies in the evidence were considered and resolved. <u>Id.</u>

Remand is necessary for the Commissioner to consider the physical therapist's notes in light of Dr. Radadiya's statements and to explain the weight of which she finds them worthy.

Plaintiff seeks remand for an immediate award of benefit, and argues that such is justified because of the length of time this case has been pending, and because failure to do so would merely "delay the inevitable receipt of benefits." (Pl. Br. 16) (citing <u>Salazar v. Barnhart</u>, 468 F.3d 615, 626 (10th Cir. 2006)). The court finds that this case has not been pending an inordinate amount of time relative to the mine run of Social Security disability cases. And, unlike <u>Salazar</u>, remand in this case serves the purpose of properly resolving ambiguities in the record and of making a decision where the record is

equivocal and does not point in but one direction.  Gilliland v. Heckler, 786 F.2d 178, 184, 185 (3rd Cir. 1986) (The decision to direct an award should be made only when the administrative record has been fully developed and substantial and uncontradicted evidence on the record indicates that the claimant is disabled and entitled to benefits).  In Salazar, the Plaintiff had reapplied and been awarded benefits while her case was pending, the court found no evidence that drug addiction or alcoholism was material to that decision, and it was hard to imagine a retrospective analysis of the plaintiff's mental impairments could be made after a five-year delay.  468 F.3d at 626 and n.6.  It is not clear that an award of benefits is inevitable in this case, and none of the factors in Salazar are present here.

      **IT IS THEREFORE ORDERED** that the Commissioner's final decision shall be reversed and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent with this decision.

      Dated November 9, 2018, at Kansas City, Kansas.

      s:/John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**